**W. H. STOTT & CO., Limited, v. A/S D/S VESTERHAVET.**

No. 126a.

District Court, D. New Jersey.

Sept. 8, 1941.

Lindabury, Steelman, Zink & Lafferty, of Newark, N. J. (by James L. R. Lafferty, of Newark, N. J.), for libelant.

William T. Ard, of Jersey City, N. J., for respondent.

SMITH, District Judge.

A libel in personam was filed in the above-entitled matter, and, pursuant to the prayer thereof, mesne process issued. The respondent was not found within the district, and, therefore, on July 16, 1941, the Steamship Maria, the property of the re-

spondent, was attached under the said process. Thereafter, on July 17, 1941, pursuant to the provisions of an act entitled "An Act to authorize the acquisition by the United States of title to or the use of domestic or foreign merchant vessels for urgent needs of commerce and national defense, and for other purposes",[1] approved June 6, 1941, 55 Stat. 242, 46 U.S.C.A. preceding § 1101 note, the United States Maritime Commission, under the authority of the President, acquired title and possession of the said vessel.

The respondent, appearing specially, moves to dismiss the libel on the ground that the said acquisition divested this court of jurisdiction. It is contended that the lawful removal of the vessel from the custody of the court deprived it of jurisdiction. The present question must be considered in the light of the foregoing statutory provisions.

■ The Act, by its express terms, preserves both the rights and remedies of claimants. It is apparent that attachment liens, as well as all other claims, remain unaffected and are enforceable against the fund deposited with the Treasurer of the United States. It is equally apparent that the available remedies, likewise, remain unaffected and may be pursued as heretofore in any court of competent jurisdiction.

■ The said statute does provide that suit shall be commenced in the manner provided by Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742. This, however, is a procedural, and not a jurisdictional, requirement and does not affect the right of the court to hear and determine the issues of the instant case.

The motion to dismiss the libel is denied and the libelant may supplement his pleadings to meet the requirements of the said Act.

---

[1] "Whereas Congress has power to provide for the common defense and general welfare and to regulate commerce with foreign nations and whereas for this purpose embargo Acts and nonintercourse Acts have from time to time been passed and whereas the commerce of the United States is at the present time interrupted and the general welfare of its citizens is threatened and an emergency has been declared, for the purposes of national defense, during the existence of the national emergency declared by the President on September 8, 1939, to exist, but not after June 30, 1942, the President is authorized and empowered, through such agency or officer as he shall designate, to purchase, requisition, for any period during such emergency charter or requisition the use of, or take over the title to, or the possession of, for such use or disposition as he shall direct, any foreign merchant vessel which is lying idle in waters within the jurisdiction of the United States, including the Philippine Islands and the Canal Zone, and which is necessary to the national defense: Provided, That just compensation shall be determined and made to the owner or owners of any such vessel in accordance with the applicable provisions of section 902 of the Merchant Marine Act, 1936, as amended: Provided further, That such compensation hereunder shall be deposited with the Treasurer of the United States, and the fund so deposited shall be available for the payment of such compensation, and shall be subject to be applied to the payment of the amount of any valid claim by way of mortgage or maritime lien or attachment lien upon such vessel, or of any stipulation therefor in a court of the United States, or of any State, subsisting at the time of such requisition or taking of title or possession; the holder of any such claim may commence within six months after such deposit with the Treasurer and maintain in the United States District Court from whose custody such vessel has been or may be taken or in whose territorial jurisdiction the vessel was lying at the time of requisitioning or taking of title or possession, a suit in admiralty according to the principles of libels in rem against the fund, which shall proceed and be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties; and such suit shall be commenced in the manner provided by section 2 of the Suits in Admiralty Act and service of process shall be made in the manner therein provided by service upon the United States attorney and by mailing by registered mail to the Attorney General and the United States Maritime Commission and due notice shall under order of the court be given to all interested persons, and any decree shall be subject to appeal and revision as now provided in other cases of admiralty and maritime jurisdiction: * * *." Section 1.